[S. F. No. 6976.   In Bank.—July 24, 1914.]

GEORGE McBOYLE and LULU MAY McBOYLE, Respondents, v. UNION NATIONAL BANK (a Corporation), and H. N. MORRIS, as Receiver of said Union National Bank, Appellants.

NATIONAL BANKS—CASHIER MAY SELL STOCK ACQUIRED UNDER PLEDGE. *McBoyle* v. *Union National Bank*, 162 Cal. 277, affirmed, to the effect that the cashier of a national bank, as a part of the ordinary business of the bank, has authority to sell shares of corporate stock owned by it, which it had acquired in satisfaction of a pledge to it.

ID.—STOCK CARRIED IN BOND INVESTMENT ACCOUNT.—The fact that the bank, after its purchase of the stock in satisfaction of the pledge, carried it on its books in the "bond investment account," does not affect the authority of the cashier to sell it.

APPEAL from a judgment of the Superior Court of Alameda County.   Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley, Fitzgerald & Abbott, and Leon A. Clark, for Appellants.

T. C. Coogan, Powell & Dow, and W. H. Orrick, for Respondents.

THE COURT.—The defendants appeal from a judgment declaring the plaintiff Lulu May McBoyle to be the owner of 599 shares of the capital stock of Burnham-Standeford Company, a corporation, and of the certificate representing such shares, and adjudging that said plaintiff recover the 599 shares and certificate upon payment to the defendant receiver of the sum of nine thousand five hundred dollars with interest.

The case has already been before this court on appeal. Upon a first trial, judgment had gone in favor of the defendants. The plaintiffs made a motion for a new trial, which was denied. This court, on March 2, 1912, rendered its judgment reversing the judgment below, as well as the order denying a new trial. The essential facts are stated in our opinion on the former appeal, reported in *McBoyle* v. *Union Nat. Bank,* 162 Cal. 277, [122 Pac. 458].

When the cause came before the superior court for a second trial, the defendant, with the leave of the court, filed an amended answer. This pleading did not, however, change the issues in any respect material to the questions now presented.

At the trial, the cause was, by stipulation, submitted upon the evidence taken at the first trial, together with the further stipulated fact that a certain witness, if called, would have testified that the stock in controversy, "at all times after its purchase by said defendant, Union National Bank, was carried on its books in the bond investment account." We are satisfied that this additional testimony could not have had any substantial bearing upon the main issue in dispute, and, in fact, the contrary is not seriously urged here.

The fundamental question in the case is whether the cashier of the defendant bank had authority to sell the shares of stock to McBoyle. Upon the first trial the superior court found that the cashier had exceeded his authority in making the sale. The holding of this court was that this finding was not sustained by the evidence. Upon the second trial, the court below, following the conclusions reached by us, found in favor of the plaintiffs on this issue. The judgment entered upon such finding (together with the findings, not now assailed, on other issues) must be affirmed, unless we conclude that we erred in our former decision regarding the extent of the cashier's authority. We see no reason for changing the views heretofore expressed, if, indeed, any such change were not precluded by the doctrine of the "law of the case." The grounds of our action are fully stated in the opinion on the earlier appeals, and the reasoning of that opinion is adopted as the basis of the present decision.

The judgment is affirmed.

Beatty, C. J., does not participate in the foregoing.